UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TGISE CAPITAL LLC, individually and derivatively on behalf of BELLA VISTA ANSONIA LLC and 153 MAIN STREET LLC<br><br>        Plaintiffs,<br><br>    v.<br><br>VASILIOS LEFKADTIS, SHAW GROWTH VENTURE INC.,<br><br>        Defendants.<br><br>-and-<br><br>ENGLANTINA GEGA and JOSEPH GEGA a/k/a SOKOL GEGAJ<br><br>    Additional CPLR 3019(D) Counterclaim Defendants | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br><br>Supreme Court of the State of New York, New York County, Index No. 650247/2025 |

**TO:**    Clerk of the U.S. District Court for the Southern District of New York:

**PLEASE TAKE NOTICE THAT** Defendant VASILIOS LEFKADTIS, SHAW GROWTH VENTURE INC., ("Defendants"), hereby removes to this Court the state court action described herein, pursuant to 28 U.S.C. §§ 1331, 1367 1441, 1446, and 1447. Pursuant to 28 U.S.C. § 1446(d) and this Court's Local Rules, copies of this Notice of Removal are being served on all parties at the addresses listed in Plaintiffs' state court complaint and are being filed in the Supreme Court of the County and State of New York.

### DESCRIPTION OF ACTION

1.    This removal involves an action that was filed in the Supreme Court of the State of New York in and for the County of New York, styled as *TGISE CAPITAL LLC et al v. VASILIOS LEFKADITIS et al*, Case No. 650247/2025. A true and correct copy of the complaint in this case

is attached as **Exhibit "A"**. Defendants filed their answer with CPLR 3019(d) Counterclaim Defendants Summons on March 14, 2025, a true and correct copy of which is attached as **Exhibit "B"**. The pleadings, processes, and orders served and filed in this case are filed herewith as **Exhibits "C" through "N"**.

2. The Plaintiff's complaint asserts claims for breach of contract; fraud; breach of fiduciary duties; conversion; declaratory relief; injunctive relief and an accounting. The claims center around the misappropriation and unauthorized taking of monies for improper purposes and a failure to sign a global settlement between the parties. Defendants assert CPLR 3019(d) counterclaims against the Plaintiffs as well as Englantina Gega and Joseph Gega a/k/a Sokol Gegaj as counterclaim Defendants. See Federal Rule 13(h).

3. The Defendants' Counterclaims center around the Counterclaim Defendants pattern of activity to improperly utilize the Court system and electronic communications to cause harm to the Defendants, their affiliates and family. There is a request for monetary damages and equitable relief. There is an assertion of a RICO violation, breach of fiduciary duty, abuse of process, injurious falsehood, prima facie tort and equitable and declaratory relief which relates, to another action in the Southern District of New York under Docket No. 1:24-cv-07256.

3. Removal of this action is proper because this is a civil action that falls under the Court's original and supplemental jurisdiction.

## THIS COURT HAS JURISIDICTION TO ENTERTAIN THE REMOVAL

4. Despite the fact that Defendants are domiciled in New York State, there are compelling reasons to remove the State Court action to Federal Court based upon Federal Question and supplemental jurisdiction. 28 U.S.C. s 1331; 1367.

5. While the face of the Plaintiff's State law complaint sought to be removed asserts

State law claims, the complaint is "artfully pled" in order to avoid Federal Jurisdiction. It asserts the same type of pattern of conduct by the Defendants which track the elements of a (RICO), 18 U.S.C. § 1962(c), claim. Thus, the Plaintiffs' complaint in State Court must be read to implicitly allege the necessary elements of a RICO claim. Defendants assert a RICO counterclaim against the Counterclaim Defendants.

6. Moreover, the gravamen of the State Court Complaint asserts that the Defendants are improperly absconding with monies and perpetrating unauthorized money transfers for personal use instead of paying monies to Plaintiffs. These claims necessarily depend on there being a finding of a violation of the Electronic Fund Transfer Act (15 U.S.C. s 1693) – also a federal statute.

7. Moreover, the State Complaint asserts a failure to properly settle various business disputes concerning the real property in Connecticut as referenced in the State Complaint. In that regard, there is a separate action in the Southern District of New York under Docket No. 24-cv-07256 ("Federal Action") which has many of the same parties as this case. In addition, there is parity between the existing assertions in the Federal Action and the relief sought in the State Court action to the extent that both claim the Defendants are improperly refusing to sign an alleged settlement agreement.

8. Presently, the parties in the Federal Action are planning to have a mediation to discuss a global resolution between them. A pre-mediation conference is set for April 9, 2025. This would include issues in the State Court action. The Court in the State Court action refused to stay discovery or extend timelines during the mediation and held a preliminary conference over Defendants' objection prior to the Defendants even answering the State complaint. The Court also stated on the record that if a stay was sought by the Defendants concerning a forum non

convenience application under CPLR 327, that motion would be denied – without even seeing the motion. As such, it is respectfully submitted that the Court can extend supplemental jurisdiction over the State action due to the existence of the Federal Action between the same parties which is being scheduled for mediation, under 28 U.S.C. 1367.

9. It is respectfully submitted that the Plaintiffs and Counterclaim Defendants proceeded in State Court to make it difficult for Defendants to assert counterclaims against the individual Counterclaim Defendants who are domiciled in Connecticut.

10. On the other hand, Federal Courts can obtain jurisdiction over those parties as counterclaim defendants under Federal Rule 13(h) and 28 U.S.C. 1367.

11. Thus, the removal is warranted based upon the unique facts of this case and the related Federal Action. See, e.g., 28 U.S.C. §§ 1331, 1367 1441(a) and Federal Rule 13(h).

## ALL DEFENDANTS CONSENT TO THE REMOVAL

12. All Defendants join in this removal and are represented by the below firm.

## REMOVAL IS TIMELY

13. The original complaint in this action was filed on January 15, 2025. **Exhibit "A"**. The defendants received service on 1/29/25 via substituted service. **Exhibit "C"** The Affidavit of Service on Defendant Vasilios Lefkaditis was filed on February 3, 2025, thereby making service complete on February 13, 2025 under CPLR 308(2). **Exhibit "D"** Thus, Defendant Vasilios Lefkaditis has 30 days from February 13, 2025 to seek removal. 28 U.S.C. s 1446(b)(2)(B), (C); see also *Created Kids Far East Inc. v. Griffin* 2016 WL 8710479 (SDNY 2016)(providing that under the Federal removal statute, the Defendant had 30 days from when service was complete, not actual service). Thus, the Defendants' removal is timely under 28 U.S.C. §1446(b), because it is filed within thirty (30) days of service being complete upon

Defendant Vasilios Lefkaditis.

## PROCEDURAL POSTURE OF STATE CASE

14. The Parties recently appeared in the Commercial Division and the Court required the parties to set a preliminary conference order and set deadlines. Issue is being joined today.

## PROPER NOTIFICATION IS BEING GIVEN TO THE PARTIES AND THE STATE COURT

15. Pursuant to 28 U.S.C. §1446(d), Defendants are simultaneously notifying the Plaintiffs in writing of the filing of this Notice of Removal. See **Exhibit "O"**.

16. Pursuant to 28 U.S.C. §1446(d), Defendants simultaneously advising the Clerk of the Supreme Court of the State of New York, new York County, of the removal of the state court action by filing a Notice of Filing of the Notice of Removal (which will include a copy of this Notice of Removal) with the Clerk. See **Exhibit "P"**.

17. Pursuant to 28 U.S.C. §1446(a), this Notice of Removal is filed in the District Court for the United States District and Division in which the state court case is pending.

Dated: Syosset, New York
March 13, 2025

Vallely Mitola Ryan LLP

By: Ryan D. Mitola, Esq., partner
*Attorneys for Defendants*
6851 Jericho Turnpike, Suite 165
Syosset, New York 11791
(516) 386-3900