

March 26, 2025

*Via EFS for SDNY*
The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

**RE: (Case # 1) TGISE Capital LLC et. al. v. Vasilios Lefkaditis et. al**
**Case No.: 1:24-cv-07256**

**(Case #2) TGISE Capital LLC, individually and derivatively on behalf of Bella Vista Ansonia LLC and 153 Main Street LLC v. Vasilios Lefkaditis et. al**
**Case No. 1:25-cv-02130**

Dear Justice Abrams,

I represent represent Vasilios Lefkaditis ("Lefkaditis"), Shaw Growth Venture Inc.("Shaw Growth"), Anna Lefkaditis ("A. Lefkaditis"), Trivantage Management Corp. ("Trivantage"), George Zouloufis ("G. Zouloufis"), Demetrios Zouloufis ("D. Zouloufis"), Shaw Funding L.P. ("Shaw Funding"), Richard Rebh ("Rebh") (individually a "Defendant" and collectively "Defendants") in Case #1 and Lefkaditis and Shaw Growth in Case #2.

**CASE #1**

Case #1 was first in time and Case #2 was removed to the Southern District of New York from Supreme Court New York County. Case #2 was recently transferred to your honor.

Case #1 concerns the Plaintiffs claims that the Defendants failed to enter into a global settlement agreement concerning *inter alia* various properties in Connecticut (collectively "Ansonia Properties"). Procedurally, the Court is requiring an amended Case Management Plan or a letter explaining why the Plan submitted should be Ordered by the Court by this evening.

Also, Defendants have until March 28, 2025 to amend their pleadings and there is a briefing schedule for the Plaintiffs to move to dismiss the Defendants amended pleadings – which the Plaintiffs requested.

Additionally, there is a pre-mediation conference scheduled for Case #1 on April 9, 2025.





It is the Defendants' position that it makes sense to adjourn discovery and motion briefing schedules until the parties have an opportunity to mediate and globally resolve the cases between them.

Indeed, in addition to Case #1 and Case #2, (which are believed to be retaliatory in relation to the filings of the cases below), there are a number of additional cases (previously filed) in Kentucky and Connecticut concerning other business dealings by and among the parties in these cases that have similar issues to the issues raised by Englantina Gega in Case #2– to wit: breach of fiduciary duty, fraud, loss of corporate opportunities; illegal wire transfers and other related patterns of wrongful conduct.

The following is a list of those cases:

1. A suit was filed against Englantina's Gega's husband Joseph Gega on 12/9/24 in Connecticut Superior Court / *FST-CV25-6070629-S - SHAW CAPITAL, LP Et Al v. GEGAJ, SOKOL, AKA JOSEPH GEGA Et Al*
2. A suit was filed against Englantina Gega, her husband Joseph Gega and various entities on 1/15/25 in McCracken County Kentucky Circuit Court / *25-CI-00049 Shaw Capital LP; Vasilios Lefkaditis; Anna Lefkaditis; and George Zouloufis v. Joseph Gega; Englantina Gega; Bella Vista Kentucky I, LLC; Bella Vista Kentucky II, LLC; USA Management LLC; 13 Ocean Capital LLC; and Melvin Romero*

Opposing counsel was made aware that I intended to request that all motion practice and discovery be adjourned until such time as there is a mediation. I have provided to opposing counsel a full list of items that are needed to fully address all facets of settlement and provided two options for settlement – which would globally resolve the cases in this Court. I have also offered separate third-party mediation with opposing counsel so we would not have to wait until a date is set by the magistrate.

In fact, I note that paragraph "10" of the two operating agreements for the two entities that TGISE CAPITAL , LLC commenced Case #2 on behalf of derivatively require mediation *prior* to litigation.

Opposing counsel did not want to join in my letter and advised this evening that she intends on supplying her own letter as to my request to stay discovery and motion practice until the outcome of mediation.






As a final note, it is respectfully submitted that the Court has the inherent authority to stay discovery and motion practice pending mediation under Local Rule 83.9 (which includes judicial settlement conferences) and Federal Rule 16. See e.g., *Cimillo v. Experian Info. Sols., Inc.*, No. 21 CV 9132 (VB), 2023 WL 2473403, at *3 (S.D.N.Y. Mar. 13, 2023).

**CASE #2**

This action was commenced by TGISE CAPITAL LLC, one of the Plaintiff's in Case #1 concerning alleged wrongful conduct which is tantamount to illegal racketeering activity regarding the Ansonia Properties and named Lefkaditis and Shaw Growth as Defendants. One of the causes of action also sought declaratory relief concerning the settlement agreement alleged in Case #1.

Within 30 days of service being complete on Defendant Lefkaditis, Defendants removed the case to Federal Court and alleged that the TGISE CAPITAL, LLC's claims were tantamount to RICO claims and also sought supplemental jurisdiction due to the related Case #1. Defendants also sought CPLR 3019(d) counterclaims against non-parties Englantina and Joseph Gega for their wrongful conduct and the retaliatory nature of Case #1 and Case #2.

Procedurally, prior to removal, the State Court held a preliminary conference prior to Defendants answer being submitted; advised that it would not stay discovery due to mediation in Case #1 and advised that it would deny any forthcoming application for *forum non conveniens* or any related stay pending a determination on the motion.

Opposing counsel and I spoke prior and after removal. Opposing counsel advised that she intended to move to remand within 30 days and seek fees. I advised opposing counsel that I thought that Case #1 and Case #2 should be consolidated under Rule 42(a). Opposing counsel advised that any attempts would be frivolous and that she opposes consolidation and wants to remand back to State Court since her clients (the Counterclaim Defendants in Case #2) allegedly have no contacts with New York and cannot be sued there.

I advised opposing counsel that we would be willing to agree to adjourn the 30 day remand requirement so the parties could focus on settling at mediation. Opposing counsel advised that she thought the Court did not have the power to So Order a Stipulation extending the time to seek remand and said she would look into it.

Defendants request an adjournment of all motion practice and discovery in this case pending the outcome of mediation and would agree to extend the deadline to make an application to remand and hold of on a Rule 42(a) consolidation motion pending the outcome of the mediation whereby the parties have a pre-mediation conference on April 9, 2025.






Defendants continue to be optimistic about a global settlement and are making good faith efforts to resolve this matter at the upcoming mediation before the Magistrate Judge. Defendants respectfully request that that discovery and motion practice be stayed until after mediation other than limited discovery to aid settlement negotiations. Defendants would agree, if the Court would allow and "So Order" an agreement, to extend the Plaintiffs time to seek remand, in order to focus efforts on a full resolution.

Respectfully,

Vallely Mitola Ryan PLLC

By: Ryan D. Mitola, Esq.,
*Attorneys for Defendants*
6851 Jericho Tpke., Suite 165
Syosset, New York 11791

Application granted in part. Having considered the relevant factors in deciding whether to stay discovery pending the the outcome of the settlement conference with Magistrate Judge Wang, *see Catskill Mountains Chapter of Trout Unlimited, Inc. v. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009), the Court finds that a stay of discovery, with the exception of "limited discovery to aid settlement negotiations," is warranted here. Defendants' further application to stay motion practice pending the outcome of the settlement conference is, however, denied. Within two days of the settlement conference, the parties shall file a joint letter updating the Court as to the outcome. If settlement was not reached, no later than one week after the settlement conference, the parties shall submit a proposed case management plan.

SO ORDERED.

Hon. Ronnie Abrams
March 27, 2025